[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 5, 1992 in Derby, Connecticut. Both parties have resided in the State of Connecticut for more than one year since that date. There is one minor child issue of the marriage: Amanda Marie Roscoe, born February 26, 1994.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the statutory criteria as set forth in §§ 46b-56, 46b-81, 46b-82
and 46b-84 Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The Court declines to assess fault to either party for the breakdown of the marital relationship.
Both parties are in good health; both parties are 28 years of CT Page 7094 age. The plaintiff is an LPN and the defendant is a Security Officer at St. Vincent's Hospital. The plaintiff received her LPN degree from Bullard Havens Technical School; the defendant received his GED a year ago.
No useful purpose would be served by a review of the evidence presented. Unfortunately, the parties were unable to resolve their marital difficulties.
The following orders shall enter:
Custody Visitation
1. The parties have agreed on joint custody of the minor child with physical custody to the plaintiff and it is so ordered.
2. Visitation shall be on alternate weekends from Saturday at 9:00 a.m. to Sunday at 6:00 p. m. Holiday visitation and additional visitation shall be as the parties shall agree. The defendant shall give the plaintiff 48 hours notice if he is unable to exercise his visitation. Both parties are urged to be flexible and reasonable with respect to the hours and times of visitation.
3. The defendant shall have no alcohol or drugs four hours before and during the visitation.
Child Support
Commencing January 3, 1997 and weekly thereafter, the defendant shall pay to the plaintiff as child support, the sum of $86. Per week. Said child support shall be paid until the minor child reaches the age of 19 years or completes high school whichever shall first occur, dies or becomes emancipated.
Medical Coverage
1. The defendant shall continue to provide medical/dental coverage as is available through his employment for the benefit of the minor child. Any unreimbursed or uninsured medical/dental expenses shall be equally divided between the parties.
2. The plaintiff shall be entitled to COBRA benefits as are available through the defendant's employment, at her expense for CT Page 7095 a period of three years.
Real Estate
The Defendant shall forthwith Quit Claim his interest in and to the marital property located at 63 Silver Hill Road, Ansonia, Connecticut to the plaintiff. The plaintiff shall hold the defendant harmless from any and all liability with respect to the mortgage. Both parties agree there is negative or no equity in their property. The plaintiff, however, has been able to work out an arrangement with H.U.D. to revise the monthly mortgage payment.
Personal Property
The defendant shall be entitled to pick up his personal property within two weeks of date.
Counsel Fees
No counsel fees are awarded to either party.
Debts
The defendant shall contribute the sum of $1000.00 towards the outstanding Visa and Sears credit card bills. The defendant shall have 30 days to provide a plan for the payment of said $1000.00.
Life Insurance
The defendant shall, within 90 days, provide a Life Insurance policy naming the minor child as irrevocable beneficiary. Said life insurance policy shall be at a reasonable cost to the defendant, not to exceed $300 per year as a premium. The face value of said Life Insurance policy shall be at least $25,000.00 and can be more depending on the cost.
Change of Name
The plaintiff is granted a change of name to Carolyn Forget.
Alimony
The plaintiff is a Licensed Practical Nurse. She hopes to CT Page 7096 extend her hours from 14 hours per week to 40 hours per week. In the first 6 months of 1996 the plaintiff averaged in excess of 15 hours per week. The plaintiff also has substantial day care expenses for the 2 1/2 year old minor child, in order to allow the plaintiff to work 40 hours per week.
To assist the plaintiff to re-establish herself with more gainful employment and re-establish a current mortgage situation, it is ordered that commencing January 3, 1997 the defendant shall pay to the plaintiff as periodic alimony the sum of $25. Per week for a term of three years. Said alimony shall also terminate in the event of the death of the plaintiff or defendant, the plaintiffs remarriage or cohabitation as defined by the statute.
The Court has also considered the present income of the defendant who has been employed as a security officer for the past 7 1/2 years.
Tax Exemptions
The defendant shall be entitled to claim the minor child as a dependent for income tax purposes so long as he is current with the order of child support as of December 31st. This provision shall be modifiable.
COPPETO, J.